IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ZOYA TEIRSTEIN**
17 Wilderness Lane,
Accord, NY, 12404,

Plaintiff,

v.

**U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES**
200 Independence Ave., SW,
Washington, D.C., 20201

Defendant.

Civil Action No. ____________________

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Zoya Teirstein ("Plaintiff"), by and through her undersigned counsel, hereby alleges as follows:

1. Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief against the U.S. Department of Health and Human Services ("HHS" or "Defendant").

2. By this action, Plaintiff seeks to compel Defendant to comply with its obligations under FOIA to release communications involving HHS personnel. Plaintiff is statutorily entitled to the disclosure of these records, and Defendant has improperly withheld them in violation of the Act.

## Jurisdiction and Venue

3. The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

5. Plaintiff Zoya Teirstein is a climate journalist based in Accord, New York. She is a staff writer with the non-profit, independent media organization Grist, and has been published in Rolling Stone, Wired, and the AP. She was a 2022–23 National Science-Health-Environment Reporting fellow and has received awards from the Indigenous Journalists Association, the SEAL Awards, and the Society of Environmental Journalists.

6. Defendant HHS is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, and/or control of the records that Plaintiff seeks. HHS's headquarters are located at 200 Independence Ave. SW, Washington, D.C., 20201.

## Facts

7. On or around June 10, 2025, Plaintiff submitted a FOIA request to HHS (the "Request") via the HHS online FOIA portal, which is undergoing a system transition as of the date of this filing.

8. On June 10, 2025, Defendant sent Plaintiff an email acknowledging receipt of the Request and assigning tracking number #2025-02903-FOIA-PHS. A true and correct copy of this email is attached hereto as **Exhibit 1**.

9. That same day, Defendant sent Plaintiff an email noting that the status of the Request had been updated to "Received." A true and correct copy of this email is attached hereto as **Exhibit 2**.

10. On January 12, 2026, Plaintiff sent Defendant an email asking for an update on the status of the Request. Defendant sent Plaintiff a response noting that HHS was transitioning to a "new tracking system" and "currently migrating data to [that] updated platform." A true and correct copy of this email exchange is attached hereto as **Exhibit 3**.

11. That same day, Defendant sent Plaintiff an automatic email response, which did not contain an estimated date of completion. A true and correct copy of this email is attached hereto as **Exhibit 4**.

12. On October 1, 2026, Plaintiff sent Defendant an email stating that "HHS has failed to provide any meaningful response" and that this delay "can be construed as a constructive denial of [her] request." Plaintiff voluntarily narrowed the scope of her Request and asked for an update on the status thereof. A true and correct copy of the Request, as narrowed, is attached hereto as **Exhibit 5** and is incorporated by reference.

13. The Request, as narrowed on October 1, 2026, sought the following records from January 1, 1995, through December 31, 2005:

1. The email from [CDC employee] Paul Reiter to Paul Epstein, as retained in CDC records, including any copy contained in a forwarded message or attachment.
2. Correspondence in which Epstein forwarded or raised concerns about that email with [CDC officials] Gubler and/or Hughes.
3. Subsequent correspondence involving Gubler and/or Hughes

> concerning that email, Epstein's concerns, or any resulting response or action, including communications with each other, Reiter, Epstein, or other CDC personnel.

Ex. 5. The narrowed Request contained relevant background information to assist the agency in locating responsive records.

14. The Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A). *See* Ex. 5.

15. As of the date of the filing of this Complaint, it has been approximately 512 calendar days and 347 business days since Plaintiff submitted the Request.

16. As of the date of the filing of this Complaint, Plaintiff has received no further communications from HHS regarding the Request.

## CAUSES OF ACTION

### COUNT I
### Violation of FOIA for Failure to Comply with Statutory Deadlines

1. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

2. Defendant is an agency subject to FOIA.

3. By the Request, Plaintiff properly requested records within the possession, custody or control of Defendant.

4. Defendant failed to make determinations with respect to the Request within the timeframe required by FOIA. 5 U.S.C. § 552(a)(6)(A).

5. Defendant's failure to provide determinations with respect to the Request within the statutory required timeframe are violations of FOIA.

6. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A)(ii); *id.* § 552(a)(6)(C)(i).

**COUNT II**
**Violation of FOIA for Wrongful Withholding of Agency Records**

7. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

8. Defendant is an agency subject to FOIA.

9. By the Request, Plaintiff properly requested records within the possession, custody or control of Defendant.

10. The Request complied with all applicable regulations regarding the submission of FOIA requests.

11. Defendant has not released any records or portions thereof in response to the Request.

12. Defendant has not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

13. Defendant has not identified whether or how release of the records sought by the Request would foreseeably harm an interest protected by a FOIA exemption or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8).

14. Defendant has improperly withheld records responsive to the Request in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

**Requested Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Issue a declaration that Defendant's failure to provide a determination with respect to the Request within the required statutory deadline is a violation of FOIA;

(2) Order Defendant to complete its search for records responsive to the Request, and to issue determinations with respect to the Request;

(3) Order Defendant to release all non-exempt records or portions thereof responsive to the Request;

(4) Issue a declaration that Plaintiff is entitled to disclosure of the records responsive to the Request;

(5) Enjoin Defendant from continuing to withhold any and all non-exempt records or portions thereof responsive to the Request;

(6) Award Plaintiff reasonable attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such other relief as the Court may deem just and proper.

Dated: November 3, 2026

Respectfully submitted,

*/s/ Gunita Singh*

Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9308
Facsimile: 202.795.9310

*Counsel for Plaintiff*